# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL WILLIAMS, ) | 1:08-CV-0325 AWI WMW HC |
| Petitioner, ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| v. ) | |
| ) | ORDER REFERRING ACTION BACK TO MAGISTRATE JUDGE |
| ROSANNE CAMPBELL, WARDEN, ) | |
| Respondent. ) | (Document #16) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner was convicted on April 17, 1987 of first degree murder. On January 25, 2008, Petitioner filed the pending petition for writ of habeas corpus in which he contends that he is innocent of the first degree murder because he was suffering from "intimate partner battering" but he was not allowed to use this defense at trial. On June 5, 2008, Respondent filed a motion to dismiss the petition on the ground that it was filed outside of 28 U.S.C. § 2244(d)'s one year statute of limitation. Petitioner filed an opposition to the motion to dismiss in which he contended that the defense of "intimate partner battering" was not available until, at least, 2005. On August 8, 2008, the Magistrate Judge issued Findings and Recommendations that recommended the court grant Respondent's motion because Petitioner's limitation period ended one year after 28 U.S.C. §

2244(d)'s enactment (April 24, 1997). The Magistrate Judge determined that the limitation period could not have begun at a later date under either 28 U.S.C. § 2244(d)(1)(B) or 28 U.S.C. § 2244(d)(1)(C). The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On February 3, 2009, Petitioner field objections. Petitioner contends that his statute of limitations began running on the date he learned the factual predicate of his claim pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner also contends that he is entitled to equitable tolling.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the motion to dismiss cannot be granted because neither the motion to dismiss nor the Magistrate Judge's Findings and Recommendations analyze the applicability of 28 U.S.C. § 2244(d)(1)(D) and/or equitable tolling to this petition.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA applies to all petitions for writ of habeas corpus filed after the enactment of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). Petitioner filed this petition for writ of habeas corpus on January 25, 2008. Thus, the AEDPA applies to the petition. The AEDPA places a one year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003); Brambles v. Duncan, 330

F.3d 1197, 1202 (9th Cir. 2003).

Petitioner's claim is based on California Penal Code § 1473.5, which reads in pertinent part:

> A writ of habeas corpus also may be prosecuted on the basis that expert testimony relating to intimate partner battering and its effects, within the meaning of Section 1107 of the Evidence Code, was not received in evidence at the trial court proceedings relating to the prisoner's incarceration, and is of such substance that, had it been received in evidence, there is a reasonable probability, sufficient to undermine confidence in the judgment of conviction, that the result of the proceedings would have been different.

Cal. Penal Code § 1473.5(a). Petitioner claims that this defense applies to him because he killed his father, who severally beat Petitioner his entire childhood, and who was a threat to him. Petitioner contends that this defense was not available to him until January 1, 2005, when the legislature expanded what was known as "battered woman syndrom" to other family members. As such, Petitioner argues that the factual predicate of his claim was not known until at least January 1, 2005. Petitioner next argues that the prison law library only received copies on this new statute in late 2006 and early 2007. Thus, Petitioner concludes that his limitation period began running on the date that he knew of the factual predicate of his claim, i.e. a new factual defense.

The issue for the court is whether 28 U.S.C. § 2244(d)(1)(D)[1] applies to this situation and/or whether Petitioner is entitled to equitable tolling. However, neither Respondent's motion nor the Findings and Recommendations discuss these two issues. At this time the court finds that there is insufficient briefing for the court to determine whether 28 U.S.C. § 2244(d)(1)(D) and/or equitable tolling apply in this case. Because Respondent never replied to either Petitioner's opposition or Petitioner's objections, the court finds Respondent has not met her burden of showing that Petitioner in fact violated the statute of limitations. It is entirely possible that 28 U.S.C. § 2244(d)(1)(D) and/or equitable tolling provide no assistance to Petitioner. However, based on the briefing currently before the court, the court cannot make a final decision on whether the statute of limitations bars this action.

///

---

[1] If the court finds that he knew or should have known about the factual predicate of on January 1, 2005, it is possible Petitioner's limitation period did not begin to run until the state lifted the impediment to filing this action by obtaining copies of the new section. See 28 U.S.C. § 2244(d)(1)(B).

Accordingly, IT IS HEREBY ORDERED that:

1. The court respectfully declines to adopt the Findings and Recommendations issued on January 13, 2009;

2. Respondent's motion to dismiss is DENIED without prejudice to Respondent filing another motion to dismiss, within forty-five days, that responds to Petitioner's position that 28 U.S.C. § 2244(d)(1)(D) and/or equitable tolling apply to this action; and

3. This action is REFERRED to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 17, 2009**          /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE