UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL WILLIAMS, ) | 1:08-cv-00325 AWI YNP [DLB] (HC) |
|           Petitioner, ) | SUPPLEMENTAL FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
|   v. ) | [Doc. #16] |
| ROSANNE CAMPBELL, Warden, ) | |
|           Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On April 17, 1987, in Kern County Superior Court, Petitioner was convicted of first degree murder with a firearm enhancement. The court sentenced Petitioner to serve an indeterminate prison term of two years for the firearm enhancement allegation, and a consecutive term of 25 years to life for murder. (Answer at 3).

Petitioner filed a direct appeal. On June 30, 1988, the California Court of Appeal, Fifth


Appellate District, affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on September 21, 1988. Id.

Petitioner subsequently filed four pro se state post-conviction collateral challenges:

First petition

On November 16, 2006, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court. (Lodged Doc. 4). On November 29, 2006, the court found the petition procedurally deficient because Petitioner did not serve the petition on Respondent. (Lodged Doc. 5).

Second petition

On December 9, 2006, Petitioner filed a second petition for writ of habeas corpus with the Kern County Superior Court. (Lodged Doc. 6). On February 6, 2007, the petition was denied due to Petitioner's "unreasonable dely" in filing the petition. (Lodged Doc. 7).

Third petition

On February 28, 2007, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 8). On March 19, 2007, the appellate court summarily denied the petition. (Lodged Doc. 9)

Fourth petition

On March 24, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lodged Doc. 10). On August 15, 2007, the petition was summarily denied. (Lodged Doc. 11).

Petitioner filed the instant petition on January 22, 2008. (Doc. #1). On June 5, 2008, Respondent filed a motion to dismiss the petition. (Doc. #16). On June 16, 2008, Petitioner filed an opposition to the motion. (Doc. #18). On January 13, 2009, the Magistrate Judge issued a Findings and Recommendation to dismiss the petition because it was filed outside of the statute of limitations. (Doc. #21). Petitioner filed objections to the Findings and Recommendation on February 3, 2009. On March 17, 2009, The District Court Judge issued an order denying Respondent's motion to dismiss and referring the action back to the Magistrate Judge for further findings regarding Petitioner's arguments that he is due statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D) and that he is due equitable tolling. (Doc. #23). On June 8, 2009, Respondent filed an answer to the petition

wherein Respondent addressed the matters of statutory and equitable tolling as well as the merits of the petition. (Lodged Doc. #27). On August 3, 2009, Petitioner filed a traverse. (Lodged Doc. #34).

## LEGAL STANDARD

Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997), *cert. denied,* 522 U.S. 1008, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

Standard of Review

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams 529 U.S. at 402-12. Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams 529 U.S. at 412. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 75-76 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Statute of Limitations Bar

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on September 21, 1998. The state appeal process became "final" on September 21, 1998, before the April 25, 1996 effective date of the AEDPA statute of limitations. Petitioner's petition was therefore due, in the normal course, one year from the effective date of the statute of limitations. Thus, absent tolling, the last day to file a federal petition was April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed.R.Civ.P. 6(a)).

**Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 529 U.S. 1104 (2000); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006 n.2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may filed a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See Id.

1005. In Carey v. Saffold, 536 U.S. 214 (2002), the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

In this case, it is undisputed that Petitioner's first post-conviction petition was filed on November 21, 2006, long after the expiration of the statute of limitations on April 24, 1997. Thus, the court finds that Petitioner is not entitled to statutory tolling of the statute of limitations.

Petitioner contends that his case is not governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Specifically, Petitioner argues that his petition is based on a change in California law which became effective on January 1, 2005, which brings him within 28 U.S.C. § 2244(d)(1)(D). Petitioner claims that when California changed the battered woman defense to include all "intimate partner(s)", a new factual predicate arose in his case because, had this defense been legally available to him when he killed his father, Petitioner never would have plead guilty and no reasonable juror would have found him guilty of murder. The Ninth Circuit held in Shannon v. Newland that "a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate'"within the meaning of Section 2244(d)(1)(D). Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005). The change in law was not related to Petitioner's case, therefore, much like in Shannon, it cannot constitute a change in fact of Petitioner's case. Because the change in law does not constitute a factual predicate of the claim, the commencement date of the statute of limitations does not change, leaving Petitioner's federal filling outside the limitation period.

**Equitable Tolling**

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

1  circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled*
2  *on other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539
3  (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces,
4  rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable
5  tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th
6  Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v.
7  Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

8       Petitioner argues that he is due equitable tolling because the change in law and the length of
9  time it took the prison law library to update its materials constitute extraordinary circumstances.
10 (Doc. #22 at 6). As discussed above, the change in state law does not effect the date on which the
11 statute of limitations commenced in this case so Petitioner cannot receive equitable tolling based on
12 his lack of knowledge of that change.

## CONCLUSION

14      In light of all of the above, the Court concludes that this petition for writ of habeas corpus is
15 untimely and is barred by the statute of limitations. Because the petition is procedurally barred, the
16 Court need not examine the merits of the claim.

## RECOMMENDATION

18      Based on the Foregoing, IT IS HEREBY RECOMMENDED that:

19      1) Respondent's motion to dismiss be GRANTED;

20      2) the petition for writ of habeas corpus be DISMISSED; and

21      3) the Clerk of the Court be directed to enter judgment for Respondent and close the case.

22      These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1). Within thirty days
24 after being served with these findings and recommendations, any party may file written objections
25 with the court and serve a copy on all parties. Such a document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
27 and filed within ten days after service of the objections. The parties are advised that failure to file
28 objections within the specified time may waive the right to appeal the District Court's order.

1  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

3      IT IS SO ORDERED.

4      **Dated:**   **October 27, 2009**              **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE